## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JUAN M. CRUZADO-LAUREANO,**

    *Plaintiff,*

**v.**

**U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF PUERTO RICO,**

    *Defendant.*

Civ. No. 22-1181 (MAJ)

## <u>OPINION AND ORDER</u>

### I.    Introduction

On April 19, 2022, Plaintiff Juan Manuel Cruzado-Laureano ("Plaintiff"), appearing pro se, filed the instant suit against the U.S. Attorney's Office for the District of Puerto Rico. (**ECF No. 1**). Plaintiff's arguments, rambling and at times disjointed, bring what can be understood as several claims against Defendants, chief among them, a *Bivens*[1] claim for a violation of constitutional rights. *Id.* Plaintiff's additional implied claims include malicious prosecution, an action under the Federal Tort Claims Act ("FTCA"), and a claim against Defendants for allegedly violating U.S. Department of Justice ("DOJ") policy. (**ECF No. 1**; **ECF No. 25 at 2**).

Presently before the Court is Defendants' Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6). (**ECF No. 18**). In their Motion to Dismiss, Defendants raise the following arguments: (1) the *Bivens* claim cannot proceed against the named Defendant; (2) prosecutorial immunity; (3) Plaintiff has failed to state a claim for malicious prosecution; (4) Plaintiff's claims are barred by the doctrine of res judicata; and (5) are precluded by the FTCA. (**ECF No. 18**). In addition, the Court must consider both, the question of whether violations of DOJ policy are actionable, and whether extending a *Bivens* remedy to a new context is warranted in this matter.

---

[1]    *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In their bid for dismissal Defendants request that the Court: (1) reiterate previous findings by this Court that Plaintiff is a vexatious litigant; and (2) enjoin him from commencing any further actions in this District relating to his 2002 conviction without prior leave of the Court. (**ECF No. 18 at 2**). The Court will also determine whether sanctions against Plaintiff are appropriate given his history of filing frivolous suits and his indifference to previous admonishments by the Court.

Following an exhaustive examination of the pleadings and an appraisal of the Complaint in the light most favorable to Plaintiff, the Court finds that the Complaint cannot withstand Defendants' 12(b)(6) Motion. For the sake of thoroughness and finality, the Court will analyze Plaintiff's insufficiently pled claims and several of Defendants' arguments in response on the merits.

## II.    Background

Plaintiff is no stranger to this Court.[2] He has a 21-year history of filing a cascade of meritless and almost exclusively frivolous actions before this Court in relation to his 2002 criminal conviction for public corruption.[3] *See Cruzado-Laureano v. U.S.*, 146 F. Supp. 3d 445,

---

[2]    By way of background, in October 2001, the U.S. Attorney's Office for the District of Puerto Rico charged Plaintiff with federal crimes relating to abuses of public office, while he served as the mayor for Vega Alta, Puerto Rico. *See U.S. v. Cruzado-Laureano*, 440 F.3d 44, 45 (1st Cir. 2006). On January 25, 2002, a federal grand jury returned a superseding indictment bringing the total number of charges to fourteen against Plaintiff. *U.S. v. Cruzado-Laureano*, 01-cr-690 (JAF); *U.S. v. Cruzado-Laureano*, 404 F.3d 470, 473 (1st Cir. 2005). In 2002, a jury found Plaintiff guilty on twelve of the fourteen counts. (**ECF No. 1 at 2-3**). Plaintiff was sentenced to "63 months in prison" and supervised release thereafter. *U.S. v. Cruzado-Laureano*, 01-cr-690, 2006 WL 940675, (D.P.R. Apr. 7, 2006). Plaintiff appealed to the First Circuit Court of Appeals wherein his conviction was affirmed but the sentence vacated. *Cruzado-Laureano*, 404 F.3d 470. On remand, the Court resentenced Plaintiff to the same 63-month term of imprisonment, this time employing different sentencing criteria. *U.S. v. Cruzado-Laureano*, 01-cr-690 (**ECF No. 248**). This sentence survived a subsequent appeal. *U.S. v. Cruzado-Laureano*, 527 F.3d 231, 239 (1st Cir. 2008).

[3]    *See e.g., Cruzado-Laureano v. Office of the Controller of P.R.*, 541 F. Supp. 3d 225 (D.P.R. 2021) (holding that the statute of limitations had expired 14 years before Plaintiff filed his untimely § 1983 action); *Cruzado-Laureano v. Muldrow*, 19-cv-2142 (JAW), 2020 U.S. Dist. LEXIS 86265 at *11 (D.P.R. May 15, 2020) (dismissing Plaintiff's petition as "frivolous"); *Cruzado-Laureano v. United States*, 09-cv-2303 (JAF), 2010 U.S. Dist. LEXIS 116731 at *14 (D.P.R. Nov. 2, 2010) (dismissing Plaintiff's § 2255 motion, noting that he "continues to waste judicial resources" on "frivolous arguments"); *Cruzado-Laureano v. Partido Popular Democrático*, 06-cv-1471 (ADC), 2007 U.S. Dist. LEXIS 108832 at *8 (D.P.R. Mar. 28, 2007) (granting motion to dismiss Plaintiff's malicious prosecution claims against the Commonwealth of Puerto Rico, the former governor of Puerto Rico and others); *Cruzado-Laureano v. Puerto Rico*, 06-cv-1472 (JAF), 2007 U.S. Dist. LEXIS 4175 at *10 (D.P.R. Jan. 19, 2007) (dismissing Plaintiff's § 1983 claim

445-46 (2015) (noting, Juan M. Cruzado-Laureano fails to accept that the maxim: "if at first you don't succeed, try, try, again" *does not apply* in federal courts) (emphasis added) (internal quotations and citations omitted). Worse still, this mile-long list of post-conviction actions has been fruitless for Plaintiff, abusive to the opposing parties, and most importantly, a drain on the Court's limited time and resources. *See Cruzado-Laureano v. Office of the Controller of P.R.*, 541 F. Supp. 3d 225, 230 (D.P.R. 2021) ("Cruzado's affinity for frivolous litigation . . . is a strain on the Court's finite resources, and an abuse of the judicial process.").[4] Not letting these circumstances deter him, Plaintiff continues his crusade, having now filed a *Bivens* action based on the same events that occurred more than twenty years ago and have already been thoroughly litigated. *See supra notes 2,* 3.

Pending before the Court is a Motion to Dismiss ("Motion") on behalf of the U.S. Attorney's Office for Puerto Rico, former U.S. Attorney Guillermo Gil Bonar ("USA Gil Bonar") and former Assistant U.S. Attorney Rebecca Kellogg de Jesús ("AUSA Kellogg") (collectively referred to as "Defendants"). (**ECF No. 18**). On February 17, 2023, Plaintiff filed an Opposition to Defendants' Motion. (**ECF No. 25**). On March 1, 2023, Defendants replied to Plaintiff's Opposition. (**ECF No. 28**). With this backdrop the Court's analysis of Plaintiffs claims, that is those expressly alleged and those reasonably implied, follows below.

### III.    Standard of Review

#### a.   Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), federal courts use a two-step method based on the plausible, not just possible standard set forth in *Twombly* and *Iqbal. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662

---

against federal law enforcement officers and others); *Cruzado-Laureano v. Puerto Rico*, 12-cv-1317 (holding that Plaintiff's complaint concerning convicted felons from holding political office was "frivolous") (D.P.R. June 25, 2012); *Cruzado-Laureano v. United States*, 07-cv-1160 (JP), 2007 U.S. Dist. LEXIS 109736 at *5-6 (D.P.R. July 12, 2007) (dismissing malicious prosecution causes of action).

[4]     A "district a court may judicially notice another court's opinion on a motion to dismiss, full stop." *Gattineri v. Town of Lynnfield, Massachusetts*, 58 F.4th 512, 514 (1st Cir. 2023).

(2009). Under this approach, a Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (2012). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A Court need not "credit conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023).

Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d 50, 55. "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' [its] 'judicial experience and common sense.'" *Id.* (citing *Iqbal* at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Twombly*, 550 U.S. at 545, 556.

The U.S. First Circuit Court of Appeals, ("First Circuit") in *Ocasio-Hernández* held that a "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 14-15 (1st Cir. 2011) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). The First Circuit, explained that the "make-or-break standard" for determining whether a complaint states a claim is whether "the combined allegations, taken as true . . . state a plausible, not merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12. (internal quotations omitted). *Ocasio-Hernández* makes it clear that plaintiffs are not required to allege every single fact that supports their claim in their complaint. *Id.* at 13. "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Id.* at 12.

A complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Niagara Bottling, LLC v. CC1 LP*, 381 F. Supp. 3d 175, 181 (D.P.R. 2019) *(*quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset,* 631 F.3d 592, 595 (1st Cir. 2011). "[P]ure speculation is not" given credit at the motion to dismiss phase. *Id.* at 596; *see Méndez Internet Mgmt. Servs. v. Banco Santander de P.R.,* 621 F.3d 10, 14 (1st Cir. 2010) (*Twombly* and *Iqbal* standards require district courts to "screen[] out rhetoric masquerading as litigation.").

## IV.    Legal Analysis

The Court begins its analysis by attempting to decipher the basis in law and fact on which Plaintiff rests his "Complaint for Violations of Civil Rights." (**ECF No. 1 at 1**). The Court recognizes that a pro se litigant's documents should be generously interpreted and held to a lower standard than formal pleadings drafted by attorneys. *Castro v. Aponte-Dalmau*, 243 F. Supp. 3d 199, 201 (D.P.R. 2017). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (agreeing with district court that pro se plaintiff failed to adequately allege RICO action where the claim was stated without supporting facts).

Briefly, Plaintiff alleges he suffered constitutional abuses at the hands of Defendants while they "conspired against the Plaintiff to fabricate[] charges of public corruption using the power and prestige of the PR US Attorney Office. Alleged crimes of public corruption that never occurred." (**ECF No. 1 at 4**). Plaintiff cites *Bivens* in support of his suit. *Id.* at 2.

### a.  *Bivens*

#### i. *Pleading the Proper Party*

*Bivens* creates a cause of action for monetary damages against constitutional violations by federal agents acting under color of law in their individual capacities. *González v. Vélez*, 864 F.3d 45 (1st Cir. 2017). To succeed on a *Bivens* claim, the action must be directed at federal officers in

their individual capacities. *Egbert v. Boule*, 142 S.Ct. 1793, 1798 (2022) (noting Bivens "is concerned solely with deterring the unconstitutional acts of individual officers."). A *Bivens* action may not, therefore, be brought against an agency of the federal government and federal employees in their official capacities. *Delgado Rodríguez v. Brennan*, 18-cv-1489,2019 WL 4564924, at *3 (D.P.R. Sept. 19, 2019).

Plaintiff's Complaint captions his suit as against the "US Attorney Office for Puerto Rico." (**ECF No. 1 at 1**). However, the substance of the Complaint refers to former federal prosecutors, USA Gil Bonar and AUSA Kellogg specifically, as allegedly conspiring to frame Plaintiff for criminal conduct. (**ECF No. 1 at 1**). Moreover, after two pages of Plaintiff's narration, the Complaint includes a caption-like section titled, "Statement of the Parties" that names Defendants as: "Office of the US Attorney for PR"; "Former US Attorney Guillermo Gil"; and "Former AUSA Rebecca Kellogg." (**ECF No. 1 at 3**).

Defendants urge the Court to dismiss the Complaint based on the Complaint's defect of alleging a *Bivens* action against the U.S. Attorney's Office, a federal agency, and not USA Gil Bonar and AUSA Kellogg, individually. (**ECF No. 18 at 6, 11**). In Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff seemingly seeks to amend his Complaint to include USA Gil Bonar and AUSA Kellogg as named defendants. (**ECF No. 25 at 20**). Defendants oppose Plaintiff's request to amend contending it would be futile, because "the Complaint, even if amended, would still fail to state a plausible claim under Fed. R. Civ. P. 12(b)(6)." (**ECF No. 28 ¶ 13**).

The Court agrees with Defendants that granting leave to amend would ultimately be an exercise in futility, as Plaintiff would still fail to state a claim for the reasons set forth in this Opinion. *See generally*, *Amyndas Pharm., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022); *see also Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 191 (1st Cir. 2006) (District courts should not needlessly prolong proceedings when an amendment is futile or serves no legitimate purpose). However, the Court prefers to decide cases based on their merits and not technicalities. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 909 (1st Cir. 1993) ("Our federal rules promote the disposition of claims

on the merits rather than on the basis of technicalities . . . and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits."). Keeping in mind Plaintiff's pro se status, the Court will treat the Complaint as having named the proper defendants and will refrain from ruling on Plaintiff's request to amend. *See* (**ECF No. 25 at 20**).[5]

### ii. Statute of Limitations

Without delving much further into the Complaint, another inescapable procedural defect is readily apparent: the instant suit is based on events that transpired over 20 years ago. (**ECF No. 1 at 1**). The statute of limitations for *Bivens* actions is based on the applicable state statute of limitations for personal injuries, which under Puerto Rico law, is one year. *See* 31 L.P.R.A. § 5298; *Pagán-González v. Moreno*, 919 F.3d 582, 589 (1st Cir. 2019); (holding that a *Bivens* claim in the District of Puerto Rico is subject to a one-year statute of limitations). Importantly, however, the accrual date is governed by federal law. *Pagán-González*, 919 F.3d at 589. Under federal law, the limitations period starts "one day after the date of accrual." *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005). For a *Bivens* claim, the one-year statute of limitations "begins when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Pagán-González*, 919 F.3d at 589 (quoting *Barrett ex rel. Estate of Barrett v. U.S.*, 462 F.3d 28, 38-39 (1st Cir. 2006)). Moreover, affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts that establish the defense are "clear on the face of the plaintiff's pleadings." *Trans–Spec Truck Serv., 524* F.3d at 320 (internal citation and quotation omitted).

At first blush, the limitations period for Plaintiff's claims have been exceeded by at least 19 years. *See Pagán-González*, at 589. Dismissal is appropriate when the dates included in the

---

[5]     In lieu of ruling on Plaintiff's request to amend, the Court (unless indicated otherwise) will treat USA Gil Bonar and AUSA Kellogg as the named Defendants in the instant action.

complaint show that the limitations period has been exceeded and the complaint fails to "sketch a factual predicate" that would warrant the application of a different statute of limitations period. *Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008). The argument raised by Defendants in their Motion is straightforward: the statutory time-window for Plaintiff's *Bivens'* claims has long since closed, thus dismissal is warranted. (**ECF No. 18 at 2**). Even more, the Complaint "fails to 'sketch a factual predicate'" which could suggest a different statute of limitations for the *Bivens* suit than the one-year limitation that accrued two decades ago. *See Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315 at 320.

Not to be outdone, in response, Plaintiff declares he is being subjected to a "double standard." (**ECF No. 25 at 19**). According to Plaintiff, Defendants, through the Financial Litigation Unit of the U.S. Attorney's Office, allegedly confiscate a portion of "Plaintiff[']s Social Security pension" on a monthly basis relating to his 2002 criminal conviction. *Id.* Plaintiff contends this purported "confiscat[ion]" will continue "for the next 15 years." *Id.* Accordingly, Plaintiff implies because the economic restitution he must pay is ongoing, he in turn should not be subject to a statute of limitations time bar on his civil claims. *Id.* In essence, Plaintiff is urging the Court to apply an "eye for an eye" standard when determining the applicable statutory period. Considering the context, this is both fanciful and unsupported by law.[6]

As mentioned, a *Bivens* claim in the District of Puerto Rico is subject to a one-year statute of limitations. *See Pagán-González*, 919 F.3d at 589. Therefore, the statute of limitations for Plaintiff's *Bivens* claim began to run when, according to Plaintiff, USA Gil Bonar and AUSA Kellogg committed, "violations of [Plaintiff's] constitutional rights . . . [i]n the years **2001-2002**." (emphasis added). (**ECF No. 1 at 2**).

---

[6]        While the legal principle "*Lex talionis,* '[a]n eye for an eye, a tooth for a tooth[]' Exodus 21:22–23" has historically, "guided criminal sentencing" the Court is unaware of applying such a principle in a civil action for the purposes of identifying the relevant statute of limitations and accrual of claims. *Payne v. Tennessee*, 501 U.S. 808, 819 (1991).

Plaintiff remains silent on the specifics of how or where in the criminal process the alleged constitutional infractions by Defendants took place. He merely alludes to having suffered an "illegal accusation, prosecution and imprisonment." (**ECF No. 1 at 4**). Despite this nebulous assertion, a careful reading of Plaintiff's account allows the Court to deduce that the purported harm took place somewhere in the timeframe of "2001-2002." *Id*. Consequently, the genesis of Plaintiff's injury coincides with either his alleged illegal indictment in 2001 or, at the latest, his corruption-related conviction in 2002. *Id*. In the most generous interpretation of Plaintiff's claims, his constitutional harm fully materialized no later than 2002. *See Id*. This, in turn, means that the suit at hand is statutorily time-barred. Plaintiff commenced this action in 2022, long after the one-year statutory period had elapsed.[7] *Id*. at 1. This single fact alone brings Plaintiff's current action to an abrupt halt, as the clock cannot be rolled back to allow for a timely filing. It warrants dismissal with prejudice.

### iii. Time Bar Issues Amid Allegations of Conspiracy and Continuing Injuries

Viewed differently, Plaintiff may be attempting to breathe life into his stale claims by arguing that the statute of limitations has not accrued on his *Bivens* claim because the alleged unlawful financial penalties he is subject to are ongoing and will continue to be so for years ahead. *See* (**ECF No. 25 at 19**). On a more granular level, the Court views this alternative theory as having two possible interpretations. One reading is that Plaintiff is arguing that the relevant statutory period has not accrued because it has been tolled based on each monthly garnishment and other purported unlawful conduct in furtherance of an alleged conspiracy. *See* (**ECF Nos. 1 at 1; 25 at 18**). A second reading, is that each purportedly "illegal" monthly payment is a separate injury, thereby resetting the accrual of the statutory time limit. The Court flatly rejects both. Put simply, accrual of a cause of action, and thus the commencement of the statute of limitations,

---

[7]         In light of the time bar on Plaintiff's *Bivens* claim, the Court need not dive into the merits of whether extending *Bivens* under the circumstances is appropriate. Moreover, the Court will forgo an analysis of whether Defendants are protected by absolute or qualified immunity for the same reason. *See Quinones-Pimentel v. Cannon*, 20-cv-01443, 2022 WL 826344, at *30 (D.P.R. Mar. 17, 2022).

occurs when the harm plaintiff complains of first occurs making it a "complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (confirming that the plaintiff's cause of action for unlawful arrest accrued as soon as the alleged wrongful arrest occurred, that is when it can be said, plaintiff has "a complete and present cause of action."). Accordingly, in the case at hand, Plaintiff had a complete cause of action, thus triggering the statutory clock, at the time Defendants allegedly fabricated criminal charges and prosecuted him. *See* (**ECF No. 1 at 1**); *Wallace v. Kato*, 549 U.S. 384 at 388.

To delve deeper under the first reading that Plaintiff's claims have not accrued, Plaintiff asserts Defendants, federal district court judges, and local officials are part of a multi-faceted conspiracy to prosecute and incarcerate Plaintiff for political reasons. (**ECF No. 1 at 1-2; ECF No. 25 at 1, 4, 5, 9, 13, 18, 25**). This conspiracy, according to Plaintiff, began in 2001 and 2002. (**ECF No. 1 at 1, 4**). As a victim of the conspiracy, Plaintiff claims he must pay "illegal" economic restitution. *See* (**ECF No. 25 at 22**) ("The monthly forfeiture of 15% of the Plaintiffs Social Security pension benefits to cover the Criminal Monetary Penalties . . . is illegal."); *see also* (**ECF No. 25 at 14-15**). Putting aside Plaintiff's failure to point to a single shred of factual support that Defendants are part of an amorphous conspiracy plot, "[i]n civil rights conspiracies actions, the injury and damages flow from the overt acts that caused injury, ***not*** the ***ongoing existence*** of the conspiracy." *Kadar Corp. v. Milbury*, 549 F.2d 230, 234 (1st Cir. 1977) (emphasis added)[8]; *see also Rotella v. Wood*, 528 U.S. 549, 555 (2000) (noting Federal courts apply a "discovery accrual" rule when a statute is silent like in civil RICO cases. The limitations period for a RICO action is not decided by the "last predicate act" rule, which restarts the timeline after each linked act). Thus, accrual of Plaintiff's claims is based on the constitutional violations he suffered in

---

[8]       In *Kadar Corp.*, much like here, the complaint in a conspiracy case fatally lacked specifics about what actions defendants took in support of a "multi-faceted conspiracy." *Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir. 1977). There, the First Circuit affirmed the trial court's decision that plaintiff failed to state a claim for conspiracy. *Id*. The Court noted, "nowhere is there so much as a hint as to what, specifically, any of the fourteen [defendants] are supposed to have done. Nor can the probable nature of their actions be gleaned from the nature of the conspiracy, which is described in sweeping and general terms." *Id*.

"2001-2002," not the existence of an alleged indefinite ongoing conspiracy. *See* (**ECF No. 1 at 1-2, 4; ECF No. 25 at 1, 4, 5, 9, 13, 18, 25**); *Kadar Corp. v. Milbury*, at 234.

Moreover, the First Circuit in *Kadar Corp. v. Milbury,* rejected plaintiffs' "theory that a cause of action for civil conspiracy accrues only on the date of the last overt act committed by anyone in furtherance of the conspiracy." 549 F.2d 230, 234 (1st Cir. 1977). In so holding, the First Circuit reasoned that if the Court were to adopt the plaintiffs' theory, "a conspiracy action could not be maintained since no cause of action would have accrued until it could be told with certainty that the final overt act in furtherance of the conspiracy had been committed." *Kadar Corp. v. Milbury*, 549 F.2d 230, 235 (1st Cir. 1977). This rule serves to prevent a plaintiff from indefinitely stalling the statute of limitations by suggesting an ongoing conspiracy made up of interconnected events. *See Singleton v. City of New* York, 632 F.2d 185 (2d Cir. 1980). This rule safeguards against the potential misuse of a time-bar, which would otherwise allow a plaintiff to revive outdated claims without any foreseeable end. *See Woodson v. Luers*, No. 07-0434-DRH, 2010 WL 653080, at *2 (S.D. Ill. Feb. 19, 2010) ("Merely because the violation is ongoing does not allow a plaintiff to reach back to breath [sic] life into otherwise untimely claims."). Accordingly, as applied here, the Court denies the suggestion that Plaintiff's cause of action accrues as of the last overt act committed by anyone in furtherance of the supposed conspiracy against him. *See Kadar Corp. v. Milbury*, 549 F.2d 230, 235 (1st Cir. 1977).

As to the second reading, Plaintiff, characterizes his monthly restitution payments as a "confiscat[ion]" of his "pension benefits" and that this unlawful action will continue for the "next 15 years." (**ECF No. 25 at 19, 22**). Putting his conspiracy allegations aside, these assertions imply that each monthly monetary forfeiture Plaintiff is subject to is itself a new injury. Yet under this reading, Plaintiff may be conflating the actual constitutional injury he is alleged to have suffered in 2001 and 2002 with its "ill effects" years later. *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30, 32 (1st Cir. 1985). In *Altair Corp. v. Pesquera de Busquet*, the First Circuit plainly rejected the plaintiff's contention that his alleged deprivation of property in the amount of more than a $1

million dollars by local officials was a continuing violation of the plaintiff's civil rights, thereby stalling the statutory clock. *Id.* The Court clarified that a "continuing violation is occasioned by continuing ***unlawful*** acts, not by continued ill effects from an original violation." *Id.* (emphasis added).

Plaintiff has not introduced any factual support that the economic penalties he must pay are unlawful. *See id.* Instead, the economic penalties he complains of now, even if "painful," are lawful consequences of his conviction. (**ECF No. 1 at 1, 4; ECF No. 25 at 19, 22**). Thus, his *Bivens* claim accrued no later than the ***date of his conviction***, and not when the consequences of that conviction were felt. *See Smith v. LaFollette*, 23 F.3d 410 (7th Cir. 1994) (complaint alleged that defendants conspired to deprive plaintiff of his civil rights by initiating criminal proceedings against him. Court affirmed plaintiff's § 1983 claims accrued no later than the date of his conviction and not when the consequences of that conviction—loss of his professional license and imprisonment—were felt.) Other Circuit Courts have rejected similar theories. For example, in *Singleton v. City of New York,* the trial court held that the plaintiff's false arrest and assault claims were time-barred. *Id.* at 188. The Second Circuit upheld the trial court's determination, explaining that:

> Characterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy or as "a single series of interlocking events" does not postpone accrual of claims based on individual wrongful acts. The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.

*Id.* at 192–93.

Similarly, Plaintiff will not be credited with the accrual of his *Bivens* claim based on separate alleged wrongful acts. The accrual of the statute of limitations began running when Plaintiff discovered—or reasonably should have discovered—his alleged constitutional injury, not the most recent "confiscat[ion] he was subject to for criminal penalties." *See Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30 at 32; *Singleton v. City of New York,* at 192–93; *Mack v. Varelas,* 835 F.2d 995, 1000 (2d Cir. 1987) (holding that a plaintiff's § 1983 action accrues on the

date he was incarcerated following a deprivation of his constitutional rights at trial). Accordingly, the Court discards this second reading as well.

In brief, the Court rejects the numerous interpretations of Plaintiff's attempt to resuscitate his stale claims. First, framed in relation to an ongoing conspiracy, the Court rejects the wholly unsupported notion that the garnishments Plaintiff must pay are part of a decade's long conspiracy. Plaintiff has put forward nothing more than bald assertions that Defendants, along with others, conspired to prosecute him and deprive him of his property. Even if this wholly unsupported conspiracy were plausibly claimed, Plaintiff cannot lie in wait and thereby toll his claims by alleging an ongoing conspiracy. *See Rotella v. Wood,* 528 U.S. 549, 555 (2000); *see also Evans v. Arizona Cardinals Football Club, LLC*, 231 F. Supp. 3d 342, 356 (N.D. Cal. 2017), *aff'd,* 761 Fed. Appx. 701 (9th Cir. 2019) (unpublished) (finding several of plaintiffs' claims were time-barred under the "injury discovery rule" and plaintiffs failed to state a claim for conspiracy where plaintiffs failed show "any agreement or understanding between defendants."). Second, the Court rejects the notion that each monthly garnishment is a new injury, thereby pausing the statutory clock or restarting it. The U.S. Supreme Court and the First Circuit have categorically dismissed these various maneuvers designed to evade a statutory time bar. *See Gabelli v. SEC*, 568 U.S. 442, 448 (2013) ("Statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. They provide security and stability to human affairs."); *Álvarez-Mauras v. Banco Pop. of Puerto Rico*, 919 F.3d 617, 629 (1st Cir. 2019) (noting the First Circuit applies the "injury discovery accrual rule" for civil RICO violations, meaning "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock.").

"[T]he proper focus" for determining when a Bivens cause of action accrues for limitations purposes "is upon the time of the violation of the plaintiff's rights, not upon the time at which the consequences of the violation became most painful." *Shervin v. Partners Healthcare System, Inc.*,

804 F.3d 23, 33 (1st Cir. 2015) (adapted). Accordingly, Plaintiff cannot evade the pertinent statute of limitations based on the painful consequences of his conviction still being felt today. *See id*. Thus, Plaintiff's *Bivens* claims are time-barred and **DISMISSED** with **PREJUDICE**.

*iv. Failure to State a Plausible Claim*

In another glaring omission, Plaintiff fails to inform the Court of the constitutionally protected rights that Defendants are accused of violating.[9] Plaintiff points to the *Bivens* decision in support of his claim; however, *Bivens* does not confer substantive rights to sue. *Martinez v. U.S.,* 10-cv-2156, 2012 WL 4018010, at *6 (M.D. Pa. Aug. 7, 2012), *report and recommendation adopted*, 10-cv-2156, 2012 WL 4018018 (M.D. Pa. Sept. 12, 2012) (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)). Plaintiff's *Bivens* suit must be anchored to a constitutionally recognized right that Defendants are said to have violated. *DeMayo v. Nugent*, 517 F.3d 11, 14-15 (1st Cir. 2008). While the Court could easily chalk this up to Plaintiff's want of counsel, the Court suspects ulterior motives. As noted, Plaintiff is not a fresh-faced litigant in this District and has appeared pro se in his most recent actions before this Court. *See e.g.*, *Office of the Controller of P.R.*, 541 F. Supp. 3d 225; *Cruzado-Laureano v. Muldrow*, 19-cv-2142, 2020 WL 2516645 (D.P.R. May 15, 2020); *Cruzado-Laureano v. U.S.*, 146 F. Supp. 3d 445 (D.P.R. 2015). Accordingly, Plaintiff understands the leniency pro se plaintiffs are granted and that the Court ensures that individuals without counsel still receive a fair and just opportunity to be heard. *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994). However, it appears to the Court that Plaintiff is attempting to subvert the spirit of these aims. He has filed a vague complaint replete with ambiguities and tip-of-the tongue claims, seemingly hoping the Court will decipher his grievance into a plausible claim. Federal courts often refer to this strategy as "shotgun pleading"

---

[9]     Plaintiff claims that he was subject to a "fabrication of charges." (**ECF No. 1**). If taken literally, this non-sequitur does not lead to the conclusion that he suffered a constitutional violation. Instead, the crux of Plaintiff's claim is whether his criminal charges were based on faulty evidence and the degree to which Defendants are charged with having knowledge of those purported defects. Plaintiff is responsible for providing the factual support surrounding that inquiry for a well-pleaded complaint. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 663. Plaintiff's circular reasoning that his criminal prosecution was illegal because Defendants acted illegally does not suffice. *See id*.

and condemn its practice. *E.g.*, *U.S. ex rel. Estate of Cunningham v. Millennium Laboratories of California, Inc.*, 713 F.3d 662, 664 n.2 (1st Cir. 2013); *Maura v. Scotiabank P.R.*, 17-cv-2263, 2019 WL 13205043, at *17 (D.P.R. Sept. 30, 2019) (quoting *BBK Tobacco & Foods LLP v. Skunk Inc.*, 2019 WL 1921594, at *5 (D. Ariz. 2019) ("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations."*); Estate of Bass v. Regions Bank, Inc*., 947 F.3d 1352, 1356 n.3, n.5 (11th Cir. 2020) (generally same); *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (generally same).

### b. Malicious Prosecution

Plaintiff does not make an explicit malicious prosecution claim. *See generally* (**ECF No. 1; ECF No. 28**). However, the Court will read the Complaint as implying such, given Plaintiff's declarations that the "accusation, prosecution, imprisonment and deprivation of freedom of" Plaintiff were done as unlawful political "lawfare" and as part of a conspiracy. (**ECF No. 1 at 1, 4**). In *Nieves v. McSweeney*, the Court noted that "the fact that a plaintiff styles her claim as a conspiracy to prosecute her maliciously does not diminish her need to show a constitutional deprivation" and "it is the plaintiff's burden to identify the specific constitutional right infringed." 241 F.3d 46, 53 (1st Cir. 2001). So too here, Plaintiff must identify the specific constitutional right infringed by Defendants. *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001). Plaintiff has failed to identify the specific constitutional right infringed—much less show a constitutional deprivation. *See id*. As noted, the Complaint is devoid of even the most basic factual support that a conspiracy to prosecute Plaintiff existed.

Apart from the requirements set forth in *Nieves,* a claim for common law malicious prosecution requires Plaintiff's Complaint plausibly state that: "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Jordan v. Town of Waldoboro*, 943 F.3d 532, 545 (1st Cir. 2019) (internal quotation and citations omitted). Failure to prove any of the elements of

malicious prosecution described above is dispositive. *Barros-Villahermosa v. U.S*., 642 F.3d 56, 58 (1st Cir. 2011).

Plaintiff fails to plausibly state a claim for malicious prosecution at many levels. Crucially, the second element cannot be shown if a grand jury indicted plaintiff based on probable cause. *Rucci v. United States INS*, 405 F.3d 45, 49 (1st Cir. 2005). Here, the Complaint is devoid of any allegations that would support a finding that the grand jury lacked probable cause when indicting him. Plaintiff alleges only that Defendants filed an "illegal Indictment", an "illegal Superseding Indictment," and that he was subject to an "illegal accusation." (**ECF No. 1 at 1-4**). Conclusory statements such as these are not enough to rebut the grand jury's probable cause finding. *See Peñalbert-Rosa*, 631 F.3d at 594–96. Moreover, Plaintiff provided a copy of the 2001 Grand Jury Indictment, in which he is named as a defendant. (**ECF No. 1-2 at 6; ECF No. 25 at 2**). *See Díaz-Nieves v. United States*, 858 F.3d 678, 688 (1st Cir. 2017) (affirming the district court's dismissal of plaintiff's malicious prosecution claim because plaintiff "failed to show that officers acted without probable cause"— "[t]o the contrary, the record shows that [plaintiff] was named in the indictment."). And, in *Cruzado-Laureano v. Puerto Rico,* this Court found the criminal charges against Plaintiff had probable cause. *Cruzado-Laureano v. Puerto Rico*, 06-cv-1472, 2007 WL 184805, at *3 (D.P.R. Jan. 19, 2007). At this point, Plaintiff's malicious prosecution claim fails. *See Lora-Rivera v. Drug Enforcement Admin*., 800 F. Supp. 1049, 1052 (D.P.R. 1992) (finding that the plaintiff failed to show lack of probable cause where the U.S. Magistrate Judge found probable cause after indictment by grand jury).

Next, Plaintiff cannot prove another indispensable element of malicious prosecution: that the criminal proceedings terminated in his favor. At Plaintiff's 2002 criminal proceedings, a jury found Plaintiff guilty on twelve of the fourteen charges against him. To be sure, the two charges that did not result in guilty verdicts do not imply that they "terminate[d] his favor." *Ferrer-Soto v. Puerto Rico*, 15-cv-1990, 2017 WL 1183997, at *4 (D.P.R. Mar. 28, 2017) (having been found guilty of a misdemeanor but not guilty of a separate felony, the plaintiff could not

subsequently proceed with a malicious prosecution suit because the misdemeanor's guilty verdict meant the proceeding did not terminate in his favor); *see also Maggi v. McComiskey*, 17-cv-109-SM, 2017 WL 4803908, at *2 (D.N.H. Oct. 23, 2017), *order vacated in part,* 18-1060, 2019 WL 11071788 (1st Cir. Feb. 20, 2019) (in the context of a malicious prosecution "favorable termination" refers to a "proceeding" or "action," ***not*** a "claim" or "count." Thus, one must consider the "proceeding" as a whole rather than each claim, count, or charge of the jury's verdict) (emphasis added). Simply put, a "plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).

Here, Plaintiff cannot allege that criminal proceedings terminated in his favor based on his 2002 conviction. Accordingly, based on want of the second element of malicious prosecution, his claim has not materialized. *See McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) ("[T]here is not 'a complete and present cause of action' . . . to bring a fabricated evidence challenge to criminal proceedings [until] the criminal proceeding has ended in the [civil plaintiff's] favor, or a resulting conviction has been invalidated."). Thus, Plaintiff's malicious prosecution claim is **DISMISSED** with **PREJUDICE**.

### c.  FTCA Claim

Defendants contend that the Complaint, if interpreted as an FTCA claim, justifies dismissal. (**ECF No. 18 at 5-7**). The Court, ever mindful of the need for caution, is hesitant to infer an FTCA claim here, where Plaintiff has made no overt assertion of launching such a claim. Acknowledging the leniency extended to pro se litigants in their pleadings, the Court is prepared to delve deeper. *Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022). We will consider, in the broadest interpretation of Plaintiff's Complaint, whether it could potentially encompass a claim arising under the FTCA.

To start, initiating an FTCA claim requires a series of procedural steps that must be precisely followed for the claim to be valid. *Gonzalez v. U.S.*, 284 F.3d 281, 287-88 (1st Cir. 2002); *Roman*, 224 F.3d at 27. The first among these is the filing of an Administrative Claim. This is to

be lodged with the relevant federal agency, thus ensuring the agency with direct involvement is given the opportunity to review the matter. *Roman*, at 27 (citing 28 U.S.C. §§ 2401(b), 2675).

Crucially, timing is of the essence. Under the FTCA, "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." *U.S. v. Kubrick*, 444 U.S. 111, 113 (1979) (cleaned up); *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992) ("Pursuant to the FTCA, a tort claim against the United States is 'forever barred' unless it is presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b).8 Accordingly, it is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim.").

If the administrative agency denies the claim, or it refrains from acting upon it, the claimant is then vested with the right to escalate the matter and file a tort claim against the United States. Importantly, the two-year statute of limitations for an FTCA claim is jurisdictional. *Gonzalez*, 284 F.3d 281, 287-88. Failure to comply with the FTCA's statute of limitations period "forever bars" the claim because federal courts subsequently lack the requisite subject matter jurisdiction. *Holloway v. U.S.*, 845 F.3d 487, 489–90 (1st Cir. 2017); *Coska v. U.S.*, 114 F.3d 319, 323 n.8 (1st Cir. 1997).

Subsequent to the exhaustive completion of the administrative process, the claim, if still viable, must be lodged against the United States - specifically, "*eo nominee*"- and this must be pursued at the district court level. *See* 28 U.S.C. § 1346; *Davric Maine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 63 (1st Cir. 2001); *Ortiz v. Jimenez-Sanchez*, 98 F. Supp. 3d 357, 367 (D.P.R. 2015) ("[I]t is settled beyond hope of contradiction that the only proper defendant in an FTCA action is the United States.").

Here, Plaintiff makes no indication that any of the administrative steps described above have been undertaken. Moreover, given the two-year statutory limit for filing an administrative claim, Plaintiff cannot do so now, more than 20 years after the claim accrued. *See Gonzalez*, at 287-88. This defect alone requires dismissal of an FTCA claim, because the Court lacks subject

matter jurisdiction to hear it. *See Id.; Reyes de Leon v. Coconut Prop., LLC*, 546 F. Supp. 3d 116, 121 (D.P.R. 2021) (a court "is not restricted to the face of the pleadings but may consider extra-pleading materials, concerning the existence of jurisdiction" and dismissal is "proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.").

To be sure, even if lurking somewhere is Plaintiff's timely filed administrative claim, Plaintiff does not institute the present action against the only proper defendant for an FTCA claim: the United States. *Davric Maine Corp.*, 238 F.3d at 63. Instead, Plaintiff's Complaint is targeted against the "Federal Department of Justice", the U.S. Attorney's Office for P.R., USA Gil Bonar, and AUSA Kellogg. (**ECF No. 1 at 1**). These parties, though federal agencies, subagencies, and federal officials of the United States, do not suffice as stand-ins for the United States. *See McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006); *Roman,* at 27. It is black letter law that the United States is the only proper defendant for an FTCA claim. *Roman*, at 27 ("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States.").

Even more, Plaintiff does not seek to amend to name the United States, whereas he does so in relation to USA Gil Bonar and AUSA Kellogg. (**ECF No. 25**). In Plaintiff's Opposition, this issue was squarely before him when he bucked Defendants' contention that the Complaint is either a *Bivens* action or "failing that" an FTCA claim. (**ECF No. 25 at 19**). Instead, Plaintiff explains that Defendants' characterization of the Complaint as a *Bivens* or an FTCA action "is false and does not correspond to a correct analysis." *Id.* Plaintiff then inexplicably reframes his action as falling under Rule 15 of the U.S. Supreme Court. *Id.*

To summarize, the Court is not convinced that a claim under the FTCA is implicitly embedded within the Complaint. *See* (**ECF No. 1; ECF No 25**); *Ocasio-Hernández,* at 14-15. And assuming *arguendo* that an FTCA claim is disguised somewhere in Plaintiff's pleadings, the Court lacks the jurisdiction to entertain such a claim because the mandatory administrative

requirements have not been met and are time-barred. *See Holloway*, 845 F.3d at 489–90; *Coska*, 114 F.3d at 323 n.8. Therefore, the FTCA claim is **DISMISSED** with **PREJUDICE**.

### d.   Violation of DOJ Policy

In Plaintiff's Opposition, he contends that USA Gil Bonar violated the DOJ's "Standards of Professional Conduct" by personally signing the Plaintiff's indictment, answering the summons, conducting Grand Jury interrogations of witnesses, "usurping" the responsibilities of other prosecutors, and acting as the lead prosecutor at trial. (**ECF No. 25 at 2, 6, 11, 20**). Plaintiff also asserts that their claim is based on the "illegality of the personal [sic] management of the US Attorney of PR" and that "Defendant is unquestionably responsible for professional misconduct." *Id*. at 6.

In this misguided attempt to assert a private right of action for breaches of Department of Justice policy, Plaintiff refers to a non-existent administrative resource titled "Standards of Professional Conduct." Likely, Plaintiff is referring to the "Justice Manual" ("JM"), which contains "publicly available Department of Justice (DOJ) policies and procedures." *See* Justice Manual § 1-1.100 (U.S. Dep't of Justice 2018), https://www.justice.gov/jm/jm-1-1000-introduction.

Lost on the Plaintiff is that the Justice Manual does not create any private rights of action for violations of the JM. *See* (JM) § 1-1.200 (2018), ("The Justice Manual provides internal DOJ guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal."); s*ee also U.S. v. Caceres*, 440 U.S. 741, 754 n.18 (1979); (agencies are not required to follow all their own rules, even those properly classified as "internal" unless the Constitution requires adoption of those rules). In short, Plaintiff does not have a cause of action based on purported violations of DOJ policy. Therefore, the claim for alleged DOJ policy is **DISMISSED** with **PREJUDICE**.

### e.   Res Judicata

Finally, the Court agrees with Defendants that Plaintiff's repetitious filings should be dismissed with prejudice based on res judicata. (**ECF No. 18 at 14-16**). In *Cruzado-Laureano v.*

*Puerto Rico,* 06-1472 ("*Cruzado-Laureano I*") and *Cruzado-Laureano v. Puerto Rico,* 07-1160 ("*Cruzado-Laureano II"),* Plaintiff brought a federal malicious prosecution claim against various defendants, including USA Gil Bonar and AUSA Kellogg, related to his 2002 federal indictment and conviction. On both occasions, the Complaints were dismissed with prejudice.[10] *See Cruzado-Laureano v. Puerto Rico*, No. 06-1472, 2007 WL 184805 (D.P.R. Jan 19, 2007); (dismissing malicious prosecution claim against USA Gil Bonar and AUSA Kellogg among other defendants for failure to state a claim); *Cruzado-Laureano v. Puerto Rico*, 07-cv-1160 (JP), 2007 WL 9760486, at *2 (D.P.R. July 13, 2007) (barring malicious prosecution claim based on the doctrine of res judicata).[11] Plaintiff yet again files a malicious prosecution lawsuit against Defendants in relation to his federal indictment and conviction in 2001-2002. (**ECF No. 1**).

"Under federal law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *In re Colonial Mortg. Bankers Corp*., 324 F.3d 12, 16 (1st Cir. 2003) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, (1980)). The elements of a res judicata defense are: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions. *In re Colonial Mortg. Bankers Corp*., 324 F.3d at 16.

Here, the elements of res judicata are clearly present. *Id*. There has been a final judgment on the merits in an earlier suit. *See e.g*., *Cruzado-Laureano I* and *Cruzado-Laureano II*. [14] There

---

[10]     Plaintiff has also identified USA Gil Bonar and AUSA Kellogg implicitly or explicitly as defendants in at least five separate cases arising from his 2002 criminal conviction alleging a slew of prosecutorial misdeeds. *See e.g., Office of the Controller of P.R*., 541. F. Supp. 3d 225 (Plaintiff alleged, USA Gil Bonar, AUSA Kellogg, and others conspired to keep Plaintiff imprisoned beyond the 2004 General Election); *Cruzado-Laureano v. U.S*., 146 F. Supp. 3d 445 (D.P.R. 2015) (Plaintiff filed a habeas corpus petition alleging prosecutorial wrongdoing by USA Gil Bonar); *Cruzado-Laureano v. Muldrow*, 19-cv-2142, 2020 WL 2516645 (D.P.R. May 15, 2020) (Plaintiff sought withdrawal of an alleged illegal indictment bearing USA Gil Bonar's signature); *Cruzado-Laureano v. U.S*., 09-cv-2303, 2010 WL 4340987 (D.P.R. Nov. 2, 2010) (Plaintiff's action alleged prosecutorial malfeasance by USA Gil Bonar); *Cruzado-Laureano v. Puerto Rico*, 06-cv-1472, 2007 WL 184805 (D.P.R. Jan. 19, 2007) (Plaintiff alleged prosecutorial wrongdoing, against USA Gil Bonar and AUSA Kellogg, among other officials).
[11]     The Court admonished Plaintiff for relitigating claims previously adjudicated on the merits, stating, Plaintiff attempted to, "mislead this Court so that [Plaintiff] might receive two bites at the litigation apple." *Cruzado-Laureano v. Puerto Rico*, 07-cv-1160 (JP), 2007 WL 9760486, at *2-3 (D.P.R. July 13, 2007).

is also sufficient identicality between the cause of action asserted in the earlier suits, that being, malicious prosecution claims against the same prosecutors in both cases. And there is sufficient identicality between the parties in *Cruzado-Laureano I* and *Cruzado-Laureano II,* (Juan M. Cruzado as plaintiff and USA Gil Bonar and AUSA Kellogg, among the defendants) and the present suit. Consequently, the instant case is **DISMISSED** with **PREJUDICE** under res judicata grounds.

## V.      Order to Show Cause

"A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D. Mass. 2008) (citing *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871, at \*2 (1st Cir. 1999) (per curiam) (table decision)); *see also* 28 U.S.C. § 1651 (courts may issue all writs necessary or appropriate in aid of their respective jurisdictions); *In re McDonald,* 489 U.S. 180, 184 (1989) ("[P]art of the Court's responsibility is to see that [the] Court's limited resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous filings does not promote that end.").

The First Circuit Court of Appeals has affirmed that the court can prevent any party, including a pro se one, from presenting "frivolous and vexatious motions." *United States v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Vexatious conduct is defined as actions that are frivolous, unreasonable, or without foundation, regardless "of subjective bad faith." *Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005). "[A] plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave." *Siri v. Town of Hingham*, 21-cv-40138, 2023 WL 2429359, at \*3 (D. Mass. Mar. 9, 2023) (finding plaintiff's conduct, having filed three lawsuits and five pleadings arising from the same or similar events against identical or substantially similar parties, had escalated beyond litigiousness to vexatious. The court thereby

enjoined plaintiff from filing further pro se complaints in relation to their more than decade-old criminal matter without the Court's leave.).[12]

As mentioned, Plaintiff has a long history of filing frivolous suits in this District. *See e.g.*, *Office of the Controller of P.R.*, at 230 (finding that Cruzado is a "vexatious litigant," and Plaintiff's "affinity for frivolous litigation following his 2002 conviction is a strain on the Court's finite resources, and an abuse of the judicial process."); *Cruzado-Laureano v. Muldrow*, 19-cv-2142, 2020 U.S. Dist. LEXIS 86265 at *11 (D.P.R. May 15, 2020) (dismissing Cruzado's petition for a writ of mandamus as "frivolous."); *Cruzado-Laureano v. U.S.,* 15-cv-1930 (Nov. 30, 2015) (**ECF No. 4 at 6-7**), (noting that a motion raised by Cruzado in another case had been denied as being frivolous, and that the First Circuit had affirmed that motion as being frivolous); *Cruzado-Laureano v. Puerto Rico*, 12-cv-1317 (D.P.R. June 25, 2012) (**ECF No. 10**) (ruling that Cruzado's complaint which challenged the disqualification of convicted felons from holding political office was "frivolous.").

We have repeatedly warned Plaintiff that the Court may enjoin him from filing future actions relating to his 2002 conviction. *See e.g.*, *Cruzado-Laureano v. U.S.*, 146 F. Supp. 3d 445, 448 (D.P.R. 2015) (warning Cruzado that "he had horsed around long enough"; had wasted judicial resources; and threatened to enjoin him from filing "frivolous and vexatious motions."), *aff'd* Civil No. 16-cv-1065 (1st Cir. Feb. 8, 2018); *Cruzado-Laureano v. U.S.*, 09-cv-2303, 2010 WL 4340987, at *5 (D.P.R. Nov. 2, 2010) (dismissing Cruzado's section 2255 motion, noting that he "continues to waste judicial resources [by] bringing frivolous arguments" and that the court

---

[12]     Courts in this circuit have repeatedly found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave. *See Hart v. U.S.*, 1994 WL 89442, at *1 (1st Cir. Mar. 22, 1994) (upholding district court order enjoining pro se litigant from filing any motions, pleadings, or papers without prior leave of the court for deluging the court with sixty-six motions); *Jones v. Social Security Admin.*, 2004 WL 2915290, at *4-5 (D. Mass. Dec. 14, 2004) *aff'd* 150 Fed. Appx. 1 (1st Cir. 2005) (enjoining plaintiff from further filings without leave of court where plaintiff had repeatedly filed civil actions against the same defendants based on the same facts and legal theories that have previously been rejected by the court).

can enjoin Plaintiff "from filing frivolous and vexatious motions related to that conviction in the future."), *aff'd* 10-cv-2470 (1st Cir. Apr. 26, 2012).

Even more, in 2021, the Honorable Judge Francisco A. Besosa, found Plaintiff to be "a vexatious litigant, bent on pursuing meritless claims against past and present federal and state officials." *Office of the Controller of P.R.*, at 230. Accordingly, Judge Besosa issued an Order to Show Cause as "to why the Court should not ***enjoin*** him from commencing any action of any type or description in the United States District Court for the District of Puerto Rico, in connection with his 2002 conviction for corruption without prior leave of the Court." *Cruzado-Laureano v. Office of the Controller of P.R.*, 20-cv-1360 (**ECF No. 15 at 9-12**) (emphasis added). Thereafter, Plaintiff filed a Notice of Appeal, *Id.* at (**ECF No. 18**), and submitted an Informative Motion seemingly responding to the Show Cause Order in a cursory fashion. *Id.* at (**ECF No. 23**). As a result of Plaintiff's appeal to the First Circuit, Judge Besosa indicated he would wait for the Court of Appeals to issue its opinion before it would impose sanctions on Plaintiff. *Id.* at (**ECF No. 24**). At the moment, Plaintiff's appeal has been stayed. *See Cruzado-Laureano v. Office of the Controller of P.R.*, 21-cv-472 (1st Cir. June 21, 2021).

Plaintiff's antics before this Court must come to end. Plaintiff has made it abundantly clear that if not stopped, his penchant for fruitless litigation and desire to waste judicial resources will continue. Building on previous rulings in this District, the Court once again finds that the Plaintiff is a vexatious litigant. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, no later than **July 28, 2023**, as to why the Court should not enjoin him from filing any action relating to his 2002 criminal conviction without prior leave from the Court.

If the Plaintiff fails to show cause, the Court will issue a permanent injunction. This injunction will require Plaintiff to request leave of the Court before filing anything relating to his 2002 criminal conviction.

To request leave of the Court, Plaintiff must file a summary of his putative claims (one-page maximum per claim), along with an affidavit certifying that the claims are novel and have

not been raised before any federal court, including this one. Failure to certify or certify truthfully may result in contempt of court. Moreover, if Plaintiff chooses to file a new lawsuit and thereby defy this Court, he will be subject to sanctions accordingly.

### VI.    Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6) is **GRANTED**. (**ECF No. 18**). Plaintiff's Complaint is **DISMISSED** with **PREJUDICE**. (**ECF No. 1**). Plaintiff is **ORDERED TO SHOW CAUSE, no later than July 28, 2023**, as to why the Court should not enjoin him from commencing any action of whatever type or description in the United States District Court for the District of Puerto Rico, in connection with his 2002 conviction for corruption without prior leave of the Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of June 2023.

**S/ MARÍA ANTONGIORGI-JORDÁN**
**United States District Judge**